**Franklin GRAVES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F 93–1220.**

Court of Criminal Appeals of Oklahoma.

April 21, 1994.

Motion to Publish Granted
July 26, 1994.

### ORDER GRANTING MOTION TO STRIKE

On February 17, 1994, Appellant filed both a Brief in Chief and a Motion to Supplement the Record on Appeal in the above styled and numbered appeal. Appellant incorporates the items sought to be supplemented in his Brief in Chief. Appellant has attached to his motion to supplement and to his Brief in Chief the documents he wishes to have supplement the record. Additionally, Appellant filed an affidavit outlining the items he requested to supplement the record.

On April 5, 1994, the State of Oklahoma, filed a Motion to Strike Affidavits and Attachments to Brief of Appellant. In support thereof the State alleges Appellant has not followed the rules of this Court regarding supplementation of the record, particularly rule 3.11(3). *See* 22 O.S.Supp.1993, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 3.11. The State further alleges the documents for supplementation could have been discovered and presented at the trial court level.

On April 11, 1994, Appellant filed an Amended Motion to Supplement Record on Appeal. Appellant claims this amended motion brings his original motion into compliance with this Court's rules. We fear Appellant has misunderstood this Court's policy and rules concerning motions to supplement the record.

■ Appellant's judgment and sentence was entered before the effective date of the amendment to Rule 3.11. However, we find Appellant's motion to supplement in this case is not proper under the previous rule and most definitely does not come within the amended rule. Rule 3.11 was amended to codify the internal policy controlling this Court's decisions to grant or deny motions to supplement the record. This rule specifies the form and content of both the motion and the affidavit to be filed in this Court. This rule must be strictly interpreted. This Court is bound by the record presented to the trial court absent an issue being presented to this Court pursuant to Rule 2.1 on a motion for new trial based on newly discovered evidence. Appellant does not assert any newly discovered evidence exists and has not proceeded under rule 2.1; therefore, Appellant must follow the requirements of Rule 3.11.

■ Based on pleadings filed in this Court, together with the propositions of error raised in appeals, there appears to be a perception by moving parties that a motion

to supplement, along with the attached items sought to be included in the record, has been accepted by this Court when filed, and that the attached items are automatically part of the record on appeal. However, this is not the case. For additional items to be admitted as part of the record to be considered on appeal, a ruling by this Court is required. To resolve that perception, we find Rule 3.11 must be strictly followed by any party seeking to supplement the record on appeal to this Court.

■ Appellant in this case has failed to comply with Rule 3.11 in his quest to supplement the record. This rule requires a party seeking to supplement the record to file an amended petition in error, a motion to supplement the record and an affidavit with the Clerk of this Court. It is crucial that the affidavit of the moving party describe not only the items to be included, but how these items are necessary to the appeal. Additionally, the moving party must state the reason the material was not or could not have been introduced at the trial court. If the items could have been introduced at the trial court, but were not, this Court will not grant a motion to supplement the record. Pursuant to this rule an applicant is required to set forth the specific basis for requesting the motion to supplement. Further, Rule 3.11 does not state the items sought to be supplemented should be attached. Therefore, any items attached will not be considered by this Court.

■ Motions to supplement will be stamped "Tendered for Filing" by the Clerk of this Court pending a ruling by this Court upon the propriety of the motion. These motions are a part of the record and are docketed just as all other pleadings. However, the items sought to be supplemented by the motion are not considered in the appeal until after the Court enters its ruling on the motion, and only then if the motion is granted. This process allows the Court to maintain the integrity of the record on appeal and limits this Court's consideration to only those items of evidence which are a proper part of the record.

The affidavit of appellate counsel in this case fails to state the reason the material was not or could not have been introduced at the trial court. Further, Appellant has already included the items he seeks to supplement in both his motion and his Brief in Chief. As Appellant has failed to follow this Court's rules, the State's motion to strike is **GRANTED**.

Appellant has fifteen (15) days, from the date of this order, in which to file a motion to supplement in the proper form and with the required attachments, together with an edited brief in chief in conformance with this Order and Rule 3.11.

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

LANE, J., concurs in result.